KAROLINE KNABE, EXECUTRIX OF THE ESTATE OF PAUL KNABE, DECEASED, PLAINTIFF, v. HUDSON BUS TRANSPORTATION COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, ET AL., DEFENDANTS.

Decided September 30, 1932.

For the plaintiff, *Nathan Baker*.

For the defendants, *Messano & Messano*.

BROWN, S. C. C. This cause comes before the court on a motion to strike out the complaint on the ground that it does not disclose a cause of action in that the action stated in the complaint is barred by the statute of limitations. The complaint charges that the plaintiff testator was injured, through the wrongful act of the defendants in the operation of their automobile, on January 12th, 1927, and died as a result of his injuries on July 3d, 1930, which was an interval of three and one-half years between the two events. Suit was brought by the executrix of the estate on the 29th day of June, 1932, or a period of five and one-half years after the alleged date the injuries were sustained. Plaintiff contends that inasmuch as the Death act of our state gives a new and distinct cause of action from the common law the two-year statute of limitations (3 *Comp. Stat., p.* 3164) does not apply. This statute provides:

"That all actions hereafter accruing for injuries to persons caused by the wrongful act * * * of any person * * * shall be instituted within two years next after the cause of such action shall have accrued."

It will be seen that this statute refers to "all actions" and therefore includes any action the decedent might have had at the time he was injured.

The plaintiff insists that according to the provisions of the supplement to the Death act (*Pamph. L.* 1917, *ch.* 180, *p.* 531; 1 *Cum. Supp. Comp. Stat., p.* 928), the plaintiff has a right to maintain her action because the last mentioned act provides that every action shall be commenced or sued within two years after the death of such deceased person. 2 *Comp. Stat., p.* 2260, § 4, directs that actions for trespass to person or property shall not abate on account of death and that the executor or administrator may recover damages in like manner as their testator or intestate would have had if he or she was living.

It can readily be conceded that the action in question did not abate on account of the death of Paul Knabe, and as the court reads the statute of limitations as well as the supplement to the Death act, it was not intended that the bar of the statute of limitations against an action should be suspended because of the death of a person. The action in the instant case for personal injuries was barred at the time of the death of Paul Knabe. The rights of the present plaintiff rise no higher than those of the deceased. The complaint will, therefore, be stricken and an order may be entered to that effect.